1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9

Gordon B. Carter,                          )        No. CIV 10-2169-PHX-JWS (DKD)
                                           )
10              Petitioner,                )        **REPORT AND RECOMMENDATION**
                                           )
11    vs.                                  )
                                           )
12                                         )
      Charles L. Ryan, et al.,             )
13                                         )
                Respondents.               )
14                                         )
                                           )
15    _____ )

16    TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

17              Gordon B. Carter filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

18    2254, challenging his convictions in Maricopa County Superior Court for one count each of

19    molestation of a child and attempted molestation of a child, and the imposition of a mitigated

20    15-year prison term followed by 5 years' probation. [1]  The original 11-count indictment

21    alleged molestation of his step-daughter over a period of several years.  In his petition, Carter

22    contends that the trial court unlawfully imposed an enhanced sentence.  Respondents contend

23    that the petition is untimely filed, that Carter is not entitled to any statutory or equitable

24    tolling, and that his sole ground for habeas relief is unexhausted and procedurally defaulted.

25    The Court recommends that the petition be denied and dismissed with prejudice.

26    _____

27              [1] Carter was originally given lifetime probation.  In 2009, the Adult Probation Office
      submitted a Petition to Modify, recommending a five-year probationary term.  The trial court
28    granted the motion on March 10, 2010 (Doc. 10, Exh O, V).

**BACKGROUND**

On August 13, 1999, Carter entered a guilty plea; on April 14, 2000, the trial court imposed sentence (Doc. 10, Exh B, E).  On July 10, 2000, following his guilty plea and sentencing, Carter filed a timely Notice of Post-Conviction Relief (*Id*., Exh F).  On January 10, 2001, appointed counsel requested withdrawal of the PCR notice and dismissal of the post-conviction proceeding; (*Id*., Exh G).  On January 23, 2001, the trial court granted counsel's request (*Id*., Exh H).  On August 28, 2006, Carter filed a second Notice of Post-conviction Relief *(Id*., Exh I).  Carter alleged that the reason justifying his six-year delay in filing his petition was that there had been a significant change in the law that would probably overturn his conviction or sentence (*Id*. at 3).  He also alleged a "lack of access to a legal resource library" as the reason why he was not aware of the Arizona Supreme Court's decision in *State v. Davis*, 206 Ariz. 377 (2003).[2]  In his petition, he argued that his sentence was so grossly disproportionate to the crime as to violate the eighth amendment prohibition against cruel and unusual punishment, requiring a remand to state court for resentencing.  He also argued that counsel provided ineffective assistance.  On October 6, 2006, the trial court dismissed the petition, concluding that Carter's claim was precluded, and that *State v. Davis* did not apply to his case (*Id*., Exh J).  On November 7, 2006, Carter sought review of this decision; on September 12, 2007, the court of appeals denied review (*Id*., Exh K, L).

On September 28, 2009, Carter filed another Notice of Post-Conviction Relief.  He argued that counsel was ineffective, the sentence was illegal and unconstitutional, and lifetime probation for attempted child molestation was an illegal sentence (*Id*., Exh M). On November 3, 2009, the trial court dismissed the notices, concluding that Carter's arguments did not constitute newly discovered material facts which probably would have changed the verdict or sentence (*Id*., Exh N).  On December 14, 2009, Carter petitioned for review and

---

[2] In *State v. Davis*, the supreme court held that sentencing a twenty-year-old defendant to a mandatory minimum sentence of fifty-two years without the possibility of parole for having voluntary sex with two post-pubescent teenage girls violated the eighth amendment prohibition against cruel and unusual punishment.

1    on December 17, Carter filed a Notice of Appeal (*Id*. Exh P, Q).  On December 29, 2009, the

2    court of appeals dismissed the appeal; on May 10, 2010, the supreme court denied review

3    (*Id*., Exh R, W).  Carter's petition for review is still pending in the court of appeals.

## DISCUSSION

5         Carter was required to file his federal petition within one year of the "date on which

6    the judgment became final by the conclusion of direct review or the expiration of the time

7    for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct.

8    681, 685 (2009).   Because he pleaded guilty, he was entitled to a Rule 32 "of-right" post-

9    conviction relief proceeding, and the conclusion of that proceeding was the date on which

10   Carter's conviction became final. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007).  Carter

11   filed a timely notice of post-conviction relief on July 10, 2000.  On January 19, 2001, the trial

12   court granted Carter's request to withdraw his notice, and dismissed the post-conviction

13   proceedings. Carter's conviction became final on January 19, 2001.  Absent statutory tolling,

14   he was required to file his petition on or before January 21, 2002.  His present petition, filed

15   8 years, 8 months, and 17 days after this limitations period, is therefore untimely.

16        Carter's post-conviction petitions filed in 2006 and 2009 did not toll the limitations

17   period.  "[A] properly and timely filed petition in state court only tolls the time remaining in

18   the federal limitation period."  *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001), *cert.*

19   *denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003).   There can be no tolling

20   following the expiration of the limitations period because "there is no period remaining to

21   be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S.

22   991 (2000).  Finally, Carter's petition for post-conviction relief, filed six years after the

23   expiration of the limitations period, does not revive the expired limitations period.  *See*

24   *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

25        In addition, Carter is not entitled to equitable tolling.  He has not demonstrated that

26   he had been pursuing his rights diligently and the existence of any extraordinary

27   circumstances which prevented him from timely filing his petition. *Pace v. DiGuglielmo*,

28   544 U.S. 408, 418-19 (2005).  In his Reply, Carter admits the petition is untimely, but

1    provides no explanation for his many years of inaction.  He filed nothing in state court for

2    almost six years.  Instead he appears to be claiming "actual innocence" as an exception to the

3    limitations bar.  His claim of actual innocence, however, does not relate to the charged

4    offense, but to the sentence imposed. The claim is without merit and does not justify

5    equitable tolling. First, Carter has repeatedly mischaracterized the sentence he received for

6    child molestation as an "enhanced sentence," when in fact it was a mitigated prison term.

7    In addition, he cites *Dretke v. Haley*, 541 U.S. 386 (2004), in support of his claim.  However,

8    the issue in *Dretke* was whether the actual innocence exception *to procedural default* could

9    be extended to constitutional claims challenging noncapital sentencing error. The Supreme

10   Court declined to extend the exception.  *Dretke* does not provide any support for Carter's

11   claim that he is entitled to equitable tolling.

12        **IT IS THEREFORE RECOMMENDED** that Gordon Carter's petition for writ of

13   habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

14        **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

15   to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is

16   justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

17        This recommendation is not an order that is immediately appealable to the Ninth

18   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

19   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

20   parties shall have fourteen days from the date of service of a copy of this recommendation

21   within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1);

22   Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

23   days within which to file a response to the objections.  Failure timely to file objections to the

24   Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

25   and Recommendation by the district court without further review.  *See United States v.*

26   *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

27   factual determinations of the Magistrate Judge will be considered a waiver of a party's right

28   to appellate review of the findings of fact in an order or judgment entered pursuant to the

Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 24th day of May, 2011.

David K. Duncan
United States Magistrate Judge